**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVIE OQUENDO, | No. 13-15626 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-00698-MMD-PAL |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT and DEREK COLLING, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted June 10, 2015
San Francisco, California

Before: SCHROEDER, IKUTA, and CHRISTEN, Circuit Judges.

The Las Vegas Metropolitan Police Department (Department) and police officer Derek Colling appeal the district court's denial of their motion for summary judgment on qualified immunity grounds. We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291 because it turns on the following issue

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of law: whether taking the disputed facts in Evie Oquendo's favor (except where discredited by the videotape of the incident, *see Scott v. Harris*, 550 U.S. 372, 380–81 (2007)), Oquendo has demonstrated that Colling violated her son's clearly established constitutional right to be free from excessive force. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006).

The district court erred when it denied Colling's and the Department's motion for summary judgment on qualified immunity grounds. Resolving all factual disputes in favor of Oquendo, except where Oquendo's version of the facts are "blatantly contradicted" by the videotape of the incident, *Scott*, 550 U.S. at 380, Colling did not violate any clearly established law when he shot Tanner Chamberlain, *see City & Cnty. of S.F. v. Sheehan*, 135 S. Ct. 1765, 1777 (2015). The video shows that at the time Colling fired the shot, Chamberlain appeared to be holding a knife to Oquendo's throat. Neither Oquendo nor the district court identified a case that would have given Colling "fair notice" that it was unreasonable to use deadly force in these circumstances. *See id.* Indeed, our precedent indicates that it is reasonable for an officer to use deadly force to stop someone who the officer reasonably believes poses a threat of serious physical harm to others. *See Blanford v. Sacramento Cnty.*, 406 F.3d 1110, 1119 (9th Cir. 2005).

The fact that Chamberlain posed an immediate threat to a civilian rather than a police officer is immaterial to the qualified immunity analysis. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (explaining that the relevant consideration is whether the suspect posed "an immediate threat to the safety of the officers *or others*" (emphasis added)). The district court identified disputed facts, but these are also not material to Colling's liability. The parties agree that Chamberlain was holding onto Oquendo with a knife in his hand in close proximity to her body, and the video shows that at the time Colling fired the shot, Chamberlain appeared to be holding a knife to Oquendo's throat. Under these circumstances, Colling had reasonable cause to believe Chamberlain posed an immediate threat to Oquendo's safety. *See Blanford*, 406 F.3d at 1116. The video also reveals that, from Colling's perspective, it would not have been clear that Oquendo had control over Chamberlain's knife-wielding hand; the analysis of the threat to Oquendo would therefore remain unchanged, even if Oquendo can now prove she had such control. *See id.* Oquendo's assertion that Chamberlain was "nearing compliance with the officers' commands," is unsupported by any evidence in the record.

Oquendo's expert report that Colling's conduct was unreasonable is not itself sufficient to defeat the motion for summary judgment, *see Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002), nor is evidence that Colling failed to

3

follow departmental guidelines regarding administering warnings and commands

to suspects, *see Scott v. Henrich*, 39 F.3d 912, 915–16 (9th Cir. 1994).

**REVERSED.**